# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH
### NO. 02-11-00264-CR


EDDIE PETERSON, JR.                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

In one point, Appellant Eddie Peterson, Jr. appeals his twenty-five-year sentence for failing to register as a sex offender.  We affirm.

## II. Background

Peterson was indicted for failing to register as a sex offender, made an open plea of guilty, pleaded true to two enhancement paragraphs, and received a

---

[1]*See* Tex. R. App. P. 47.4.

twenty-five year sentence. Peterson's appellate counsel then filed a motion for new trial. In the affidavit attached to the motion for new trial, Peterson stated that he believed that his first attorney had negotiated a two-year plea bargain, that his second attorney did not keep him advised of the status of his case or effectively represent him, and that because of the ineffective assistance of his second attorney, he received "a lot more time." The trial court denied the motion. This appeal followed.

### III. Discussion

In his single point, Peterson argues that the trial court violated his federal and state constitutional rights to a fair trial by improperly overruling his motion for new trial based on ineffective assistance of counsel.

### A. Standard of Review

We review the denial of a motion for new trial for an abuse of discretion. *Ahmad v. State*, 295 S.W.3d 731, 739 (Tex. App.—Fort Worth 2009, pet. ref'd) (op. on reh'g); *see also Frangias v. State*, No. 14-10-01090-CR, 2012 WL 1356704, at *4 (Tex. App.—Houston [14th Dist.] Apr. 19, 2012, no. pet. h.) (addressing denial of motion for new trial based on allegation of ineffective assistance of counsel). To establish ineffective assistance of counsel in a guilty plea case, the appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the appellant would not have entered his plea and would have insisted on

2

proceeding to trial. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Ex parte Niswanger*, 335 S.W.3d 611, 614–15 (Tex. Crim. App. 2011).

## B. Record

As noted at the new trial hearing, the record is full of "pass slips." Peterson was indicted in December 2008, and many of the pass slips merely indicate the continuation of the case, starting with January 15, 2009.

On April 16, 2009, the State initially recommended two years' confinement in exchange for a guilty plea. But by July 29, 2009, the State had filed notice of its intention to enhance the punishment range from a third degree felony to a first degree felony with a minimum sentence of twenty-five years, using Peterson's prior convictions for aggravated robbery and robbery with a dangerous weapon. The November 19, 2009 pass slip reflects "No offer—Needs trial date." Peterson's original counsel did not file his motion to withdraw until December 3, 2009. The trial court granted the motion, and the next two pass slips, dated February 19, 2010, and March 15, 2010, reflect "25 yr TDC."

Peterson retained new counsel, who appeared with him at the May 14, 2010 case setting. The May 14 case setting was originally for the trial court to hear Peterson's open plea of guilty and to assess punishment, but at that time, Peterson informed the trial court that he wanted to exercise his right to a jury trial for both guilt-innocence and punishment phases of trial. The trial court, Peterson's new counsel, and Peterson then had an extensive discussion

3

regarding the punishment range for the third degree felony and the offense as enhanced with two prior felonies, as well as the difference between what the jury could do and the judge could do with regard to community supervision.

The August 27, 2010; January 18, 2011; January 31, 2011; and March 3, 2011 pass slips reflect that the case was subsequently continued for an open plea.

At the plea hearing on March 4, 2011, the trial court again explained the punishment range to Peterson and asked Peterson if he understood the punishment range. Peterson said that he did. After being admonished, Peterson made his open plea of guilty to failing to register as a sex offender and pleaded true to the two enhancement allegations. Peterson also signed the written admonishments with regard to his plea and signed a judicial confession.

The trial court went back over the open plea of guilty with Peterson and reviewed with him that he could be sentenced from twenty-five years to life or to community supervision and reminded him that the probation department would prepare a presentence investigation report before his sentencing. Peterson agreed that the trial court had previously admonished him and explained to him the consequences of a guilty plea "in some detail," that he was satisfied with the answers he received, and that he had been given a full and fair opportunity to ask the trial court any questions.

Peterson acknowledged at the hearing that he knew that he had to register and that it was not a difficult thing to do. He explained the circumstances behind

4

his failure to register, which included being busy with his job, his depression, and his wife losing her job, and said that although his failure to register was not intentional, he accepted responsibility for failing to do it. Peterson asked the trial court to put him on community supervision, stating, "I've got good skills. And I kind of dropped the ball, and I won't let it happen again. I can do probation. I just wish that you'd give me the chance. I've never had probation." Peterson stated that he made the open plea because he knew that carelessness and negligence were no excuses for his failure to discharge his legal responsibilities.

The trial court admitted the State's exhibits containing Peterson's judgments of conviction for aggravated robbery, robbery, theft, robbery with a dangerous weapon, and first-degree rape, and Peterson answered questions about the facts and circumstances of these offenses.

In April 2011, the trial court sentenced Peterson to twenty-five years' confinement after finding both enhancement paragraphs true.

## C. Analysis

It is clear from the record that Peterson was represented by his original counsel when the State took its original plea offer of two years off the table and added enhancement allegations. Further, it is also clear that after he obtained new counsel, Peterson was properly warned of the consequences of an open plea and well aware of the options before him when he decided to make an open plea of guilty and to plead true to the enhancement allegations. And it is abundantly clear that Peterson made his plea choices because he hoped that the

5

trial court would grant him community supervision. Therefore, we cannot say, on this record, that Peterson received ineffective assistance of counsel or that the trial court abused its discretion by denying his motion for new trial. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Niswanger*, 335 S.W.3d at 614–15. We overrule Peterson's sole point.

## IV. Conclusion

Having overruled Peterson's sole point, we affirm the trial court's judgment.


PER CURIAM

PANEL: MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 17, 2012

6